### CLEMENT v. DEAN.

ESTOPPEL.—A respondent on former appeal moving to dismiss the appeal from an order sustaining demurrer, but permitting appellant to amend, on the ground that he had or would amend, is estopped from afterwards objecting to the amendment. MR. CHIEF JUSTICE McIVER *dissenting.*

Before BENET, J., Spartanburg, April, 1898. Affirmed.

Action of Wm. J. Clement against Geo. B. Dean, as sheriff of Spartanburg Co., and Fielding Cantrell. From refusal to sign order dismissing complaint for waiver of right to amend granted by previous order, plaintiff appeals.

*Messrs. Duncan & Sanders,* for appellant, cite: 48 S. C., 433; 39 S. C., 333; 11 S. C., 409.

*Messrs. Ravenel & Gantt* and *Johnson & Nash,* contra.

April 17, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. When this case was called for trial on Circuit, the defendant demurred to the complaint on the grounds hereinafter stated. After argument of counsel, the

Circuit Judge announced that he would sustain the demurrer; whereupon the plaintiff moved to be allowed to amend his complaint, and after argument his Honor signed the following order: "The above cause having been called for trial and the complaint having been read, the defendant interposed an oral demurrer on the ground that it does not state facts sufficient to constitute a cause of action, ordered, that the demurrer be sustained, and that plaintiff have leave to amend the complaint upon payment of the costs of this term." The plaintiff appealed from said order, and his appeal was dismissed by the Supreme Court (51 S. C., 317). Thereafter the plaintiff asked for an order substituting the executors of Fielding Cantrell, deceased. This was resisted by the defendants, who proposed the following order: "It appearing to the satisfaction of the Court that a demurrer was interposed to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action against the defendants, and that leave was granted the plaintiff to amend his complaint upon the payment of costs of the term; and that more than twenty days had elapsed since the said order was passed without the plaintiffs complying or offering to comply with this order; and it further appearing that the plaintiff elected not to comply with the same, and appealed to the Supreme Court therefrom, and that said appeal has been dismissed, and that the remittitur is filed in the office of the clerk of this Court, on motion of Duncan & Sanders, attorneys for the defendants, ordered: That the complaint be dismissed, and that the defendants have judgment against the plaintiff for the costs and disbursements of the action." His Honor, Judge W. C. Benet, refused to pass the order proposed by defendants, but signed the following order: "It appearing that the defendant, Fielding Cantrell, has lately died intestate, ordered: That F. T. Cantrell and E. C. Jamerson, as executors of Fielding Cantrell, deceased, be and they are hereby substituted as parties defendants in the place and stead of Fielding Cantrell, deceased."

The following statement appears in the record: "On the

next day and at same term of Court, defendants moved to rescind the order his Honor had signed, substituting the executors of Fielding Cantrell, etc., and to dismiss the cause, stating that after his Honor, Judge Watts, had sustained their demurrer to the complaint, counsel for plaintiff had informed defendants that they would not amend, but would appeal from the order sustaining the demurrer; and that this fact was not in the record before the Supreme Court when the appeal from Judge Watts' order was heard. His Honor refused the motion, and held that this additional fact would not make any difference, and that under the decision of the Supreme Court in this cause, he was bound to hold that plaintiff now had the right to pay the costs and amend."

The appellant's exceptions complain of error on the part of the Circuit Judge as follows: "I. In ruling and holding that the plaintiff now had the right to amend his complaint under the order of his Honor, Judge Watts. II. In ruling and holding that the cause should be continued, and that the executors of Fielding Cantrell should be made parties defendants. III. In not ruling and holding that the plaintiff, by refusing or declining to amend his complaint under the order of his Honor, Judge Watts, and by appealing therefrom, had elected not to amend, and could not now be allowed to do so. IV. In not rescinding the order continuing the cause, and ordering the executors of Fielding Cantrell to be made parties, and allowing the plaintiff to amend his complaint under the order of Judge Watts, after it was called to his Honor's attention, that just after the term of Court at which Judge Watts had passed his order sustaining the demurrer and allowing the plaintiff to amend upon payment of costs, plaintiff had informed defendant's counsel that he would not amend, but would appeal from said order. V. In holding that the fact that plaintiff had informed defendant's counsel that he would not amend, but would appeal from the order of his Honor, Judge Watts, would make no difference, as he was bound under the decision of the Supreme Court to hold that plaintiff now had the right to

amend; whereas, his Honor should have held that plaintiff had elected not to amend. VI. In not passing the order proposed by the defendants."

The exceptions will not be considered in detail, as the only practical question raised by them is whether the fact that plaintiff's attorney informed the defendant that he would not amend his complaint, but would appeal from the order sustaining the demurrer, was a waiver of his right to amend. The fact that the plaintiff appealed from the order of his Honor, Judge Watts, did not alone have the effect of depriving him of the right to amend. The plaintiff had the same time within which to amend after the remittitur was sent down when the former appeal was dismissed, as he would have had under the order of his Honor, Judge Watts, if the appeal had not been taken. *Barnwell* v. *Marion,* 56 S. C., 54. When the plaintiff heretofore appealed from the order of his Honor, Judge Watts, the defendant gave notice that he would ask that the order of the Circuit Court would be sustained, on the additional ground that by asking the Court to be allowed to amend his complaint, the plaintiff had waived his right to appeal. In disposing of the former appeal in this case, the Court said: "There is nothing in the record to show whether the plaintiff has or will accept or decline the privilege granted him to amend; and in the absence of any such showing, we are bound to assume that the plaintiff either has or will accept the privilege, which he himself asked for. If he has already done so, or will hereafter do so, then the question whether there was error in sustaining the demurrer to the complaint as originally framed becomes a purely speculative question, which this Court will not consider * * * We are of opinion, therefore, that the plaintiff by the course which he has taken has waived his right to appeal from the order sustaining the demurrer; and for this reason, without considering any of the questions which he has attempted to raise, by his exceptions, his appeal must be dismissed." In the case of *Bowen* v. *Stribbling,* 47 S. C., 61, the Court uses this language: "The defendant's

attorneys made the motion to have the case referred on the ground that there was a *partnership* necessitating such reference. They cannot now raise the question that there was no *partnership.*" As the former appeal in this case was dismissed at the suggestion of the defendant's attorneys on the ground that the plaintiff either had or would amend his complaint, they thereby waived the right to object to the amendment.

It is the judgment of this Court that the order of the Circuit Court be affirmed.

. MR. CHIEF JUSTICE McIVER *dissenting.* Being unable to concur in the conclusion reached by Mr. Justice Gary, I desire to state, briefly, the grounds of my dissent. The facts upon which this controversy depends are so fully stated in the opinion of Mr. Justice Gary, as to supercede the necessity for any formal restatement of them here. It may, however, be conducive to a clearer view of the subject that these facts should be restated in connected form, stripped of all unnecessary verbiage found in the record from which the statement made in the leading opinion is correctly taken, as follows : The case first came before his Honor, Judge Watts, and was heard by him on a demurrer to the complaint based upon the ground that the facts stated therein were not sufficient to constitute a cause of action. After hearing argument, Judge Watts announced that he would sustain the demurrer, whereupon plaintiff moved for leave to amend his complaint; and after argument, Judge Watts granted the order set out in the leading opinion, which, it will be observed, after sustaining the demurrer, plaintiff was allowed to amend, "upon payment of the costs of this term." Plaintiff gave notice of his intention to appeal from this order— counsel for plaintiff informing defendant's counsel that they would not amend, but would appeal from the order of Judge Watts, which fact was not before the Supreme Court when such appeal was heard. That appeal was subsequently heard by the Supreme Court at November term, 1897, and was

dismissed upon the ground that there was nothing in the record *then* before the Supreme Court "to show whether the plaintiff has or will accept or decline the privilege granted him to amend; and in the absence of any such showing, we are bound to assume that the plaintiff either has or will accept the privilege which he himself asked for," and if he does, then the question as to whether the demurrer was properly sustained, would become a purely speculative question, which the Court would not consider. After the former appeal was dismissed, the case again came up before the Circuit Court, his Honor, Judge Benet, presiding, who, on motion of plaintiff's attorneys, granted the order set out in the leading opinion, substituting the executors of the defendant, Fielding Cantrell, in his place, he having in the meantime died, and refusing to grant the order likewise there set out, submitted by defendant's attorneys, to dismiss the complaint, upon the facts therein set out, although it was brought to his attention that the fact, upon the absence of which the Supreme Court based its judgment dismissing the former appeal, to wit: that the record *then* before that Court failed to show whether the plaintiff had accepted or declined the privilege allowed him to amend; whereas, the fact now distinctly appears in the present record, that the plaintiff had, before the hearing of the former appeal, refused to accept the privilege to amend, and so informed defendant's counsel.

I agree that the exceptions upon which the present appeal is based, practically raise but a single question, which, however, may be more precisely stated as follows: Whether the fact that the plaintiff declined to accept the privilege to allow him to amend his complaint and so informed counsel for defendants, and declared his purpose to appeal from the order of Judge Watts, accompanied with the further fact that he carried out his declared purpose by prosecuting such appeal, was a waiver of his right to amend. It seems to me clear that such was the necessary effect of the plaintiff's action. When Judge Watts granted his order, the plaintiff had two remedies: 1st, to appeal from such order; 2d, to

accept the leave granted him, to amend his complaint and go on with his case under the complaint as amended—*either* of which he could adopt, but he could not adopt *both,* for they were utterly inconsistent with each other. He must, therefore, have made his election between these two inconsistent remedies; and he did elect to prosecute his appeal, and having failed to make that remedy effectual, by reason of his own default in omitting from the "Case" which he prepared for the purpose of his appeal, a fact necessary to the proper presentation of his appeal, he should not now be permitted to turn round and resort to his second remedy, which he had, by his previous action, repudiated. It seems to me that it is contrary to public policy to allow a litigant thus to speculate upon chances. Having thus elected to adopt his remedy by appeal, and having presented such appeal, he has waived his right to the alternative remedy—accepting the leave to amend—as it was wholly inconsistent with the remedy which he did adopt. The fact that he failed to be successful in his appeal being due solely to his own default in not stating in his "Case" a fact necessary to the proper presentation of his appeal, cannot affect the question. Suppose his appeal had failed because of some other default on his part, he could not afterwards claim that he had not elected the remedy by appeal, and is now entitled to adopt the remedy by amendment, wholly inconsistent with his remedy by appeal, for that would be allowing the plaintiff to speculate upon the chances of succeeding in his appeal; and when he had failed, especially when such failure was due to his own default, he should not be allowed to take the other chances, by resorting to the other alternative remedy which, by his own election, he had repudiated. So here, the plaintiff having failed in his appeal solely because he had omitted to state in his "Case" as prepared for argument before the Supreme Court, a fact which such Court held as essential to the proper presentation of his appeal, which omission was due to the plaintiff's own default, he must abide by the consequences; and cannot, now, be permitted to repudiate his previous action. That the

omission in the former "Case" for appeal was due solely to the default of the plaintiff, is clear; for it is the duty of the appellant in a case to see to it that every fact necessary to the proper presentation of his appeal appears in the "Case" as prepared for argument before the appellate tribunal; and it, certainly, is in no way incumbent upon the respondent to supply any defects in his adversary's "Case." It is due, however, to the counsel who argued the present appeal, to say that he does not seem to have represented the plaintiff at the time when the former appeal was taken, and, therefore, he does not seem to be responsible for the default in the preparation of the former appeal.

I cannot, therefore, concur in the conclusion reached in the leading opinion, and on the contrary think that the action of the Circuit Court, both in granting the order to substitute the executors of the will of Fielding Cantrell, deceased, and in refusing to grant the order proposed by defendant's counsel, should be reversed; for as long as the demurrer stands—and it has never been reversed—there was nothing left for the Circuit Court to do but dismiss the complaint.